United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE GRAY,<br>　　　　　Plaintiff,<br>　　v.<br>J. A. CELAYA, et al.,<br>　　　　　Defendants. | Case No. 17-cv-02395-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 14 |

## INTRODUCTION

Plaintiff Kenneth Wayne Gray alleges that his jailors violated his due process rights when they filed false charges, found him guilty of those charges at the subsequent hearing, and imposed punishment. Defendants move to dismiss on grounds that (i) due process does not protect Gray from having false charges made against him; and (ii) any constitutional defect in the hearing was cured when the initial disciplinary decision was overturned. The motion to dismiss will be granted.

## BACKGROUND

The following factual allegations are undisputed, unless noted otherwise.

In 2016, defendant Celaya, a Salinas Valley prison guard, directed defendant Esparza, also a prison guard, to issue a rules violation report to Gray on charges of willfully delaying a peace officer. (Compl., Dkt. No. 1 at 3.) Gray refused to participate

in the hearing that followed because he discovered that Celaya would preside over it. In response to this objection, Celaya allegedly threatened to deny Gray the use of witnesses and to find him guilty of the charge. (*Id.* at 4.)

Celaya conducted the hearing without Gray, entered a not guilty plea on his behalf, and found him guilty of the charge. (Defs.' Mot. to Dismiss, ("MTD"), Dkt. No. 14 at 3.) Gray was assessed a 90-day forfeiture of time credits, a 30-day forfeiture of privileges, and a 30-day deprivation of property (his TV, radio, CD player, and an AC adaptor). (*Id.*; Compl., Dkt. No. 1-1 at 2.)

Gray's appeal of the decision was successful. (MTD, Dkt. No. 14 at 4.) The charges were ordered reissued and reheard, and his time credits were restored. (*Id.*; Compl., Dkt. No. 1-5 at 10, 22.)

A second hearing was held, and Gray was again assessed a 90-day forfeiture of time credits. (Pl.'s Opp. to MTD ("Opp."), Dkt. No. 15 at 2.) These credits were later restored by a classification committee. (*Id.* at 6.)

Gray served the 30-day privilege suspension sentence before the first disciplinary decision was overturned.

In his civil rights complaint, Gray raises claims regarding the first hearing only. He does not challenge the validity of the second hearing or its result. He claims that defendants violated his due process rights by filing false charges against him; holding a hearing at which defendant Celaya presided; and imposing excessive punishment.[1]

---

[1] In the complaint, Gray also alleges in a conclusory fashion that defendants conspired to deprive him of his constitutional rights. (Compl., Dkt. No. 1 at 5.) He alludes to these claims in his sur-reply to defendants' reply. (Dkt. No. at 3.) Such claims were not recognized in the order of service, and therefore are not part of this civil rights action. Even if they were, they could not form the basis for relief. Because there was no due process violation, there can have been no conspiracy to deprive Gray of his due process rights. Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). "It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Id.*

## DISCUSSION

### I. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

### II. Motion to Dismiss

Defendants rely on *Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015), to argue that Gray cannot state a claim. In circumstances virtually identical to this case, where an inmate succeeded in reversing an adverse ruling at the first level of the administrative process, the court in *Frank* held:

> The district court properly granted summary judgment on Frank's due process claim because, as our sister circuits have recognized, any procedural error was corrected through the administrative appeal process, and Frank ultimately did not lose any good time credits. *See Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996) ('[T]he [administrative] reversal of the case against Wycoff constituted part of the due process Wycoff received, and it cured the alleged due process violation based on the [prison] disciplinary committee's initial decision to sanction Wycoff.')

*Id*. at 764. Whatever due process violations occurred at Gray's first hearing were cured by the later reversal, which itself was part of the due process Gray received.

Gray counters that his due process rights were violated by the filing of false charges. However, defendants argue that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.

1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, as Gray was afforded here on the administrative appeal and the rehearing, allegations of a fabricated charge fail to state a claim under section 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-1141 (7th Cir. 1984).

Gray also contends that there was not sufficient evidence to support the guilty finding. (Opp., Dkt. No. 15 at 2.) This claim lacks merit. It was mooted by the overturning of the initial decision. Further, as he raised no claims regarding the second disciplinary decision, he cannot now challenge its constitutional adequacy.

Gray also asserts that the ultimate restoration of credits does not cancel the due process violation committed by Celaya and Esparza because it was the classification committee, not defendants, who restored the credits. (*Id.*) This amounts to a challenge to the results of the second hearing when the credits were for the second time forfeited; the error of the first forfeiture was cured by the invalidation of the first hearing. Yet he does not raise any claims in his complaint regarding the second hearing.

Gray next claims that the 30-day loss of privileges, such as canteen access, amounts to a due process violation. (*Id.*) No such claim appears in the complaint; it cannot form the basis for relief here. Moreover, the temporary loss of such privileges does not amount to a due process violation because their deprivation is not an "atypical and significant hardship . . . in relation to ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995); *see Washington v. Rackley*, No. 2:16-cv-0198 JAM CKD P, 2017 WL 3009177, at *2 (E.D. Cal. Jul. 14, 2017) (90-day loss of dayroom and telephone privileges does not rise to the level of an atypical and significant hardship).

Gray also states that a 30-day loss of property constitutes a due process violation. Property interests that are protected by the due process clause exist, or fail to exist, according to state law. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). To assert such an interest, there must be a "legitimate claim of entitlement to it." *Id.*

Under California law, a prisoner "does not have a general right to possess property

4

in prison." *Schrubb v. Tilton*, No. C-08-2986 TEH (PR), 2014 WL 4129577, at *5 (N.D. Cal. Aug. 21, 2014). "An inmate's right to inherit, own, sell or convey real and/or personal property does not include the right to possess such property within the institutions/facilities of the department." 15 Cal. Code Regs. § 3192. Because Gray has no entitlement to have property in prison, his due process property claim fails as a matter of law.

Furthermore, the temporary deprivation of property is not an "atypical and significant hardship . . . in relation to ordinary incidents of prison life" under *Sandin*, cited above. The Ninth Circuit has not yet ruled in a published decision that *Sandin* applies to a prisoner's property claims, but other circuits, e.g., the 7th and 10th, have so held, *Schrubb*, 2014 WL 4129577, at *5, as have California district courts, such as in *Schrubb*. *See also Shallowhorn v. Gonzalez*, No. 1:11-cv-00305-GBC (PC), 2012 WL 1551342, at *5 (E.D. Cal. Apr. 30, 2012) (temporary deprivation of property is not a due process violation because it is not an atypical and significant hardship); *Owens v. Ayers*, No. C 01-3720 SI (PR), 2002 WL 73226, at *2 (N.D. Cal. Jan. 15, 2002) (three-month deprivation of property does not violate due process under *Sandin*).

## CONCLUSION

Defendants' motion to dismiss is GRANTED. (Dkt. No. 14.) The Clerk shall terminate Dkt. No. 14, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 13, 2018

_____
WILLIAM H. ORRICK
United States District Judge