| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| KENNETH WAYNE GRAY,<br>Plaintiff,<br>v.<br>J. A. CELAYA, et al.,<br>Defendants. | Case No. 17-cv-02395-WHO (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN THE TIME TO APPEAL;**<br><br>**ORDER DIRECTING CLERK TO PROCESS PLAINTIFF'S NOTICE OF APPEAL**<br><br>Dkt. Nos. 23, 24 |

This is a closed federal civil rights action. The suit was dismissed, and judgment entered in favor of defendants, on June 13, 2018. Plaintiff Gray wishes to appeal the judgment, but he has filed an untimely request to do so. He now moves to reopen the time to file an appeal. (Dkt. No. 23.) Defendants oppose the motion.

The motion is GRANTED. The Clerk shall process the NOA. (Dkt. No. 26.)

## DISCUSSION

An appeal of right may be taken only by filing a valid Notice of Appeal (NOA) in the district court within the time allowed by Fed. R. App. P. 4. Rule 3(a)(1). To be valid, the NOA must be filed within 30 days after judgment is entered. Rule 4(a)(1).

This means that Gray should have filed his NOA within 30 days of June 13, 2018 (the day judgment was entered), that is, on or before July 13, 2018. Gray filed his NOA and the current motion on August 24, 2018, which is clearly past the July 13th deadline. (Dkt. Nos. 23 and 24.)

Relief from the deadline for filing a notice of appeal may be obtained by a motion in the district court Rule 4(a)(6) (motion to reopen time to file appeal). Under this rule, a district court may reopen the time to file a NOA for a period of 14 days, but only if,

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Gray avers that he did not receive notice of the judgment until August 13th, after he had sent the Court a letter inquiring into the status of his case. (Dkt. No. 23 at 1.) The Court finds this a sufficient showing to establish that he did not receive notice within 21 days after judgment was entered. It is clear that the motion was filed within 180 days after judgment.

Defendants contend that they will be prejudiced if the motion is granted. An appeal of the judgment "serves no other purpose than to harass the Defendants, force them to incur litigation expenses in defending the order and judgment, and waste everyone's time and resources." (Dkt. No. 27 at 2.)

The Court is not convinced. While opposing an appeal will require time and effort, it is not clear that defendants would be prejudiced thereby. In fact, the notes following Rule 4 specifically reject defendants' contention: "By 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal."

## CONCLUSION

Gray's motion to reopen the time to file an NOA is GRANTED. (Dkt. No. 23.) The Clerk shall process Gray's NOA. (Dkt. No. 26.) Gray's motion to proceed *in forma pauperis* on appeal is GRANTED. (Dkt. No. 24.) The Clerk shall terminate all motions.

**IT IS SO ORDERED.**

**Dated:** October 23, 2018



WILLIAM H. ORRICK
United States District Judge